FILED
CLERK, U.S. DISTRICT COURT
APR 2 4 2023
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. CR 23-0060-MEMF |
|---|---|
| Plaintiff, | ORDER OF DETENTION |
| v. | |
| KAELEN JACOBKEALI WENDEL, | |
| Defendant. | |

I.

On April 24, 2023, Defendant made his initial appearance on the indictment filed in this matter.[1] Paul Blake, a member of the Indigent Defense Panel, was appointed to represent Defendant. The government was represented by Assistant United States Attorney Daniel Weiner. Defendant submitted on the recommendation of detention in the report prepared by Pretrial Services.

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive,

---

[1] The initial appearance was continued from April 19, 2023 to April 24, 2024 at the request of Defendant's provisionally appointed counsel, Paul Blake, after Defendant refused to come out of his cell and was not interviewed by Pretrial Services.

or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered all the evidence adduced at the hearing and the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:
- ☒ no bail resources
- ☒ partially verified background information
- ☒ unstable residence history
- ☒ history of warrants and failures to appear
- ☒ Active warrants for probation violation (felony/no bail) from Santa Barbara County and misdemeanor failure to appear from San Luis Obispo; currently on probation in Santa Barbara County (expires December 2, 2024).
- ☒ Not cooperative during arrest
- ☒ Unrebutted Presumption.

As to danger to the community:
- ☒ allegations in the indictment
- ☒ admitted drug use
- ☒ criminal history includes misdemeanor convictions, failures to appear and 2022 felony grand theft conviction
- ☒ Unrebutted Presumption.

2

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: April 24, 2023

                                            /s/
                                    ALKA SAGAR
                        UNITED STATES MAGISTRATE JUDGE