O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>KAELEN JACOBKEALI WENDEL and MICHAEL VILLAPANIA,<br><br>  Defendants. | Case No.: 2:23-cr-00060-MEMF<br><br>**ORDER ON DEFENSE OF DURESS, SCOPE OF CROSS-EXAMINATION AT TRIAL, MOTIONS IN LIMINE, AND REQUEST TO FILE STIPULATION** |

**I.  Background**

On January 19, 2024, Wendel filed a Motion to Suppress, and included in this briefing a request to seek a defense of duress. ECF No. 46. Also on this day, Wendel filed a Motion in Limine seeking to exclude (1) evidence not yet produced by the Government; (2) evidence of Defendant's jail calls; (3) statements not yet produced by the Government; and (4) experts not properly or timely noticed. ECF No. 47. The Court heard the motions at the Final Pretrial Conference on February 16, 2024. After the hearing, the Court ordered the following supplemental briefing to be filed by the

1  parties: (1) supplemental briefing from Wendel identifying the basis for his duress defense; (2)
2  supplemental briefing from the Government regarding its position on the scope of cross-
3  examination;[1] (3) supplemental briefing regarding any specific statements from jail calls Wendel
4  sought to exclude; (4) supplemental briefing from the Government regarding the admission of
5  Detective Henslin as an expert; and (5) supplemental briefing from the Government regarding any
6  issues it previously did not file a motion in limine on. ECF No. 74.

On February 19, 2024, Wendel filed supplemental briefing in support of excluding evidence of jail calls and his duress defense. ECF Nos. 75, 76. On February 20, 2024, the Government filed supplemental briefing on its position regarding the scope of cross-examination, its expert disclosures, and a motion in limine to exclude evidence of the criminal histories of E.E., J.V., and M.V. ECF Nos. 78, 79, 80. On February 21, 2024, the Government filed its opposition to Wendel's supplemental briefing. ECF Nos. 83, 85.

On February 21, 2024, the parties also filed a request to allow them to file a stipulation on February 26, 2024 regarding the toxicology of E.E.'s blood. ECF No. 87.

## II. Discussion

### A. Wendel is not Entitled to Present Evidence of a Defense of Duress or Seek a Jury Instruction on Duress.

At the hearing and reiterated in his supplemental briefing, Wendel clarified that the basis for his duress defense is the testimony of M.V. ECF No. 76. Specifically, Wendel points to one excerpt where M.V. stated that there were two things that "probably" would have happened to Wendel upon going to a *different cell* with drugs: "One, he would've became friends with a lot of people in there, or two, they would've packed his ass out and took his shit." *Id.*, Attachment A.

The Government argues in opposition that Wendel has omitted the context from the statement, and that even absent the context, the excerpt does not meet the standard of a prima facie offer of proof for a duress defense. ECF No. 83 at 2. In particular, the Government argues that the

---

[1] The Court denied the Motion to Suppress, and advised the parties that they should address in their supplemental briefing the scope of cross-examination and the authorities concerning a defendant's ability to present evidence on and receive a jury instruction on the voluntariness of any statements. ECF No. 77.

excerpt does not show (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) a lack of reasonable opportunity to escape the threatened harm. *Id.* at 3; *see United States v. Ibarra-Pino*, 657 F.3d 1000, 1004 (9th Cir. 2011).

The Court finds that Wendel has failed to make a prima facie showing of duress in his pre-trial offer of proof, namely the M.V. testimony excerpt. Even putting to one side the fact that it appears to concern what might happen in Wendel was in a *different* cell (i.e., not where he actually was), the excerpt certainly does not show an *immediate* threat or a lack of reasonable opportunity to escape. The request to present a defense of duress, including evidence in support of such a defense and a jury instruction on the defense is DENIED.

**B.   Wendel Shall Be Permitted to Present Evidence on the Voluntariness of His Statements.**

At the hearing, Wendel requested to cross-examine Detective James Furber with respect to the circumstances surrounding Wendel's statements made in the medical intake room. Although the Government initially objected to this, the Government has since submitted a notice of non-opposition. ECF No. 78. Accordingly, the Court finds that Wendel may present evidence on the voluntariness of his statements, to include the circumstances of the statements and cross-examination of Detective Furber on this topic. *See United States v. Hoac*, 990 F.2d 1099, 1107 (9th Cir. 1993).

**C.   The Government is not Precluded From Presenting Expert Testimony from Detective Henslin or Its Other Late-Disclosed Experts.**

Wendel previously moved to exclude the Government from presenting any expert witness that was not appropriately noticed. ECF No. 47 at 2. In its supplemental briefing, the Government states that it did not previously disclose Henslin as an expert because it was not until February 15, 2024 that it interviewed him and learned that he reviews medical records to make cause-of-death determinations. ECF No. 79 at 2. Although the Government does not intend to elicit such testimony on cross, the Government noted that Wendel might. *Id.* Moreover, the Government raised that to the extent that its initial expert notice did not cover the general effects of fentanyl on the body, it would be supplementing such notice to Wendel. Finally, the Government raised that to the extent that Wendel will be cross-examining Detective James Furber on his physical and mental condition, the

1  Government expects Furber to rely on his expertise when testifying to the general effects of fentanyl.
2  *Id.* at 3. The Government argues that its disclosures are not late, and the supplemental notice at issue
3  are for specific issues that it has only learned of recently. *Id.* at 4.

4  Because Wendel did not submit any supplemental opposition as to this issue, the Court
5  understands that he seeks to withdraw his objections to any of the experts identified in the
6  Government's supplemental briefing. ECF No. 79. Accordingly, the motion in limine to exclude
7  experts is DENIED.

### D. The Two Designated Jail Call Excerpts Will Not Be Excluded

9  Although the Court denied Wendel's motion to exclude evidence of his jail calls generally,
10 the Court allowed Wendel to identify any specific statements that he believed to be more prejudicial
11 than probative. ECF No. 74 at 3. In his supplemental briefing, Wendel renewed his objections "as to
12 each and every exhibit." ECF No. 75 at 1. Wendel notes that in the first three clips, he is merely
13 relaying what others have said, and also notes that the clips are not complete recordings or
14 transcripts that could give a misleading impression.[2] *Id.* at 2.

15 In response, the Government clarifies that it is only seeking to introduce two jail call
16 excerpts, the transcripts of which are identified as Exhibits 1 and 2 to the Government's
17 supplemental opposition. The Government argues that Wendel's statements in these excerpts do not
18 merely relay statements by others. ECF No. 85 at 2. Moreover, the Government states that it is not
19 required to introduce the complete recording, and Wendel is not permitted to introduce his own
20 statements. *Id.* The Government notes that Wendel has not identified how any particular statement
21 might be misleading or otherwise trigger the rule of completion. *Id.* at 3.

22 The Court finds that the excerpts themselves are not more prejudicial than probative and do
23 not appear to be merely relaying what others have said. The only remaining objection would be
24 based upon the rule of completeness, but Wendel has not identified what additional portions of the

---

[2] Wendel also states that the last clip refers to a call where he asks his stepfather to pray with him, which may be prejudicial. ECF No. 75 at 2. It appears that the Government does not plan to introduce this clip, so the Court makes no ruling on its admissibility. Wendel can renew his objection if the Government indicates that it plans to present that clip.

jail calls he is seeking to play for purposes of completeness. He has failed to meet his burden on this objection, and the motion in limine to exclude these calls is DENIED. The Government shall be permitted to play the excerpts (designated by highlighting) of the jail calls identified as Exhibits 1-2 to the Governments supplemental briefing. ECF No. 85.

### E. The Criminal Histories of E.E., J.V., and M.V. are Excluded

The Government seeks to exclude evidence related to J.V., E.E., and M.V.'s prior criminal history. ECF No. 80. The Government argues that J.V. and E.E.'s prior convictions should be excluded under Federal Rules of Evidence 401, 403 and/or 609. *Id.* Specifically, it argues Rule 609 is applicable because neither J.V. and E.E. are testifying, Rule 401 is applicable because their criminal histories are irrelevant, and Rule 403 is applicable because the specific nature of their prior convictions are more prejudicial than probative given that it will be clear from the setting of the case that J.V. and E.E. were incarcerated. *Id.*

As to M.V., the Government argues that certain of his convictions should be excluded as improper impeachment evidence under Rule 609, as none of his misdemeanor convictions and one domestic violence felony conviction did not involve a dishonest act or false statement.[3] *Id.*

Because Wendel did not submit any opposition as to this issue, the Court understands that he does not object to the exclusion of such evidence. Accordingly, the motion in limine to exclude the criminal histories of E.E., J.V., and M.V. is GRANTED.

### III. Conclusion

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Wendel is not entitled to present evidence of a defense of duress or seek a jury instruction on duress;
2. Wendel shall be permitted to present evidence on the voluntariness of his statements;
3. The Government is not precluded from presenting expert testimony from Detective Henslin;
4. The jail call excerpts identified by Wendel will not be excluded;

---

[3] The Government does not object to the admissibility of M.V.'s felony conviction related to smuggling a controlled substance into jail. *Id.*

5. The criminal histories of E.E., J.V., and M.V. (except for M.V.'s felony conviction related to smuggling a controlled substance into jail) are excluded; and

6. The parties are permitted to file a stipulation regarding the toxicology of E.E.'s blood no later than 8:00 a.m., February 26, 2024.

IT IS SO ORDERED.

Dated: February 22, 2024

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge